[Civ. No. 41698. First Dist., Div. One. Oct. 16, 1978.]

FOUR SEAS INVESTMENT CORPORATION,
Plaintiff and Respondent, v.
BOARD OF PERMIT APPEALS OF THE CITY AND COUNTY OF
SAN FRANCISCO, Defendant and Appellant;
INTERNATIONAL HOTEL TENANTS' ASSOCIATION,
Real Party in Interest and Appellant.

**COUNSEL**

Thomas M. O'Connor, City Attorney, and Philip J. Moscone, Deputy City Attorney, for Defendant and Appellant.

Gilbert T. Graham, Pettit, Evers & Martin, Robert A. Thompson, William A. Prezant and Susan L. Paulus for Real Party in Interest and Appellant.

**528**

Landels, Ripley & Diamond, Edgar B. Washburn, Harry A. Jackson, David C. Spielberg, Richard C. Coffin, John E. Sullivan and Rogers, Vizzard & Tallett as Amici Curiae on behalf of Defendant and Appellant and Real Party in Interest and Appellant.

Hanson, Bridgett, Marcus, Milne & Vlahos, William J. Bush, Wong, Shortall & Levenberg and Gintjee, Wong & Shortall for Plaintiff and Respondent.

## OPINION

**NEWSOM, J.**—The appellant Board of Permit Appeals of the City and County of San Francisco (hereinafter Board) and real party in interest International Hotel Tenants' Association join in this appeal from a judgment of the San Francisco Superior Court in favor of Four Seas Investment Corporation (hereinafter Four Seas). The procedural background is as follows.

On May 12, 1976, Four Seas filed a petition for a writ of mandate seeking to annul the Board's order of March 17, 1976, ordering the Department of Public Works (hereinafter Department) to deny Four Seas a permit to demolish the International Hotel. After hearings, the trial court ruled that the Board's order was in excess of its jurisdiction, and on October 7, 1976, granted a peremptory writ of mandate nullifying the order. The instant appeals followed.

Reduced to relevant essentials, the factual context is as follows.

On January 19, 1974, the City and County of San Francisco filed an action against Four Seas' predecessor in interest to abate the International Hotel as a nuisance. An order to repair or demolish followed, and Four Seas, electing to demolish, applied on January 17, 1975, to the Central Permit Bureau of the Department for the required permit, which was issued March 10, 1975. On March 18, 1975, International Hotel Tenants' Association appealed issuance of the permit to the Board, which denied both the appeal and, on April 24, a petition for rehearing.

Thereafter, on August 28, 1975, Four Seas advised the Department it could not proceed with demolition because tenants at the International Hotel refused to vacate, and asked for an extension of time. On

September 5, 1975, the Department advised Four Seas that the demolition permit "would not be expired pending settlement of litigation."

On September 17, 1975, counsel for International Hotel Tenants' Association inquired of the Bureau of Building Inspection as to the legal basis for the extension. On February 26, 1976, International Hotel Tenants' Association filed with the Board a document entitled "Appeal to Protest Demolition Permit No. 10542," in which it was alleged inter alia that on February 23, 1976, counsel for International Hotel Tenants' Association had been advised by the Superintendent of the Bureau of Building Inspection that the demolition permit would be extended "pending settlement of the litigation between Four Seas and International Hotel Tenants' Association." As said in the Feburary 26, 1976, "appeal," "*it is this* decision that is appealed from at this time." (Italics added.)

The Board thereupon scheduled a jurisdictional hearing at which it decided that the Department's refusal to cancel or revoke the permit was "tantamount" to the issuance of a new permit, and the Board therefore had jurisdiction to hear the appeal. March 17, 1976, was set down as the date for a hearing on the merits.

Four Seas, on March 16, 1976, objected in writing to the purported appeal on grounds, inter alia, that the Board lacked jurisdiction under section 30, part III, of the San Francisco Municipal Code, in that no permit had been issued, denied or revoked within 10 days of the purported appeal. On March 17, 1976, the Board reaffirmed its assumption of jurisdiction on the dual grounds that the refusal to cancel was equivalent to the issuance of a new permit, and that the Department was estopped to deny it had issued the new permit by reason of the actions of Department Superintendent Goldberg. The Board then proceeded to find that the "re-issued" permit of February 23, 1976, was invalid for failure to comply with the California Environmental Quality Act. On the same day, March 17, 1976, the Board issued its order directing the Department "to deny the said permit."

Four Seas filed a petition for a writ of mandate, which, as earlier stated, was granted.

## DISCUSSION

Appellants make a number of contentions in support of a reversal of the trial court's judgment. Since we find that they fail at the threshold jurisdictional juncture, it becomes unnecessary to discuss remaining contentions.

I

We think the trial court was correct in concluding that the Board lacked jurisdiction. Such conclusion is set forth in its entirety as follows: "Since therefore no demolition permit was issued, denied or revoked as to FOUR SEAS within ten days prior to February 26, 1975, the date of filing of the alleged 'appeal' herein, respondent BOARD lacked jurisdiction to hear or determine said appeal under said Section 30 of Part III of the San Francisco Municipal Code."

The Board of Permit Appeals is an administrative agency of limited jurisdiction possessing only such powers as have been conferred on it, expressly or impliedly, by Constitution or by statute. (*City and County of San Francisco* v. *Padilla* (1972) 23 Cal.App.3d 388, 400 [100 Cal.Rptr. 223].)

Section 30 of article 1, part III, of the San Francisco Municipal Code sets forth the extent of the Board's powers to review the grant, denial or revocation of the permits issuable under section 3.651 of the Charter of the City and County of San Francisco: "SEC. 30. *Appeals to Board of Permit Appeals.* On the issuance, denial or revocation of any permit, any applicant for a permit who is denied such permit, or any permittee whose permit is ordered revoked, or any person who deems that his interest or property, or that the general public interest will be adversely affected as the result of operations authorized by or under any permit granted or issued, or the transfer thereof, may appeal to the Board of Permit Appeals. Such appeal shall be in writing, and shall be filed with the Board of Permit Appeals not later than ten (10) days after the action of the department from which the appeal is taken."

Appellant's position is that, when Mr. Goldberg, speaking for the Department, replied to counsel for International Hotel Tenants' Association in a telephone conversation that he refused to revoke the permit, such refusal amounted to reissuance. So, in any event, the Board itself

found. Appellants, however, have cited no authority which in our view supports this conclusion. They rely on section 26, article 1, part III, which provides as follows: "SEC. 26. *Facts to Be Considered by Departments.* In the granting or denying of any permit, or the revoking or the refusing to revoke any permit, the granting or revoking power may take into consideration the effect of the proposed business or calling upon surrounding property and upon its residents, and inhabitants thereof; and in granting or denying said permit, or revoking or refusing to revoke a permit, may exercise its sound discretion as to whether said permit should ·be granted, transferred, denied or revoked." However, even when section 26 is read in conjunction with section 30, which limits appeals to the Board "on the issuance, denial or revocation of any permit," no extension of jurisdiction is evident, because the phrase "refusing to revoke" in section 26 expressly refers to the discretion vested in the Department head. Indeed, the section in question is *entitled* "Facts to be Considered by *Departments."* (Italics added.)

We therefore conclude, as a matter of law, that the trial court correctly determined that the Board's assumption of jurisdiction following the Department's refusal to cancel or revoke the permit was gratuitous and extrajurisdictional.

■ We likewise find nothing in the record before us to support the contention that the Board had "continuing" jurisdiction to correct legal defects "because the information furnished it by Four Seas was inaccurate."

We agree that, once it took jurisdiction on March 18, 1975, the Board fully exercised its de novo powers of review in authorizing the granting of the demolition permit on April 14, 1975, and thereafter denying the petition for rehearing. (*Russian Hill Improvement Assn.* v. *Board of Permit Appeals* (1967) 66 Cal.2d 34, 38 [56 Cal.Rptr. 672, 403 P.2d 824].) But this assumption of the power to exercise its independent judgment did not make the Board the *issuing agency,* as appellant claims, with continuing jurisdiction. Nothing in appellant's citation of authority compels a contrary conclusion. In *O'Hagen* v. *Board of Zoning Adjustment* (1971) 19 Cal.App.3d 151 [96 Cal.Rptr. 484], plaintiff filed a writ to force the Board of Zoning Adjustment to annul the revocation of a use permit for operation of a restaurant. That board, which was the issuing body, was empowered by ordinance to revoke use permits it had granted, "for good

cause," and did so. Plaintiff appealed to the council, the counterpart of the Board in the case at bench. The question of the council's jurisdiction was never litigated, since it had statutory power to hear appeals from decisions of the zoning adjustment board revoking new permits. And in *Jones* v. *City of Los Angeles* (1930) 211 Cal. 304 [295 P. 14], our Supreme Court merely held that the retroactive application of a zoning ordinance which would have excluded plaintiff's business from a newly zoned area, absent a finding that the business was a public nuisance, was an arbitrary exercise of the city's police power.

We conclude, therefore, that since no permit was issued, denied or revoked within 10 days prior to appellants' "appeal" of February 26, 1976, the Board lacked jurisdiction to hear the appeal.

It becomes unnecessary in light of this conclusion to discuss appellants' remaining contentions on appeal.

The judgment is affirmed.

Racanelli, P. J., and Elkington, J., concurred.